| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ALLEN JAMES GRANGER, §
　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
*versus* §　CIVIL ACTION NO. 1:05-CV-361
　　　　　　　　　　　　　　　§
NAPHCARE MEDICAL CONTRACTOR, §
*et al.*, §
　　　　　　　　　　　　　　　§
　　　　Defendants. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Allen James Granger, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se* and *in forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Plaintiff's objections are without merit.

Plaintiff's allegations fail to demonstrate that the defendants were aware of a substantial risk of serious harm. A review of plaintiff's complaint reveals he informed Cindy Green that when defendant Rena Shaver told him that she had accidentally given him the wrong medication she also told him that he would be alright. A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health

or safety.  *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).  "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001).  To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 95th Cir. 2006).  Plaintiff has shown no more than negligence.  Accordingly, plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

## O R D E R

Accordingly, Plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 25th day of September, 2007.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE